1  BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney
2
   DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  FRANK J. RIEBLI (CABN 221152)
   RITA F. LIN (CABN 236220)
5  Assistant United States Attorneys
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       FAX: (415) 436-7234
        Frank.Riebli@usdoj.gov
8       Rita.Lin@usdoj.gov

9  Attorneys for United States of America

10                      UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12                            SAN FRANCISCO DIVISION

13 UNITED STATES OF AMERICA,            ) Case No. CR 15- 579 EMC
                                        )
14         Plaintiff,                   ) [PROPOSED]
      v.                                )
15                                      ) **DETENTION ORDER**
   EUTIMIO REYNA CERON,                 )
16                                      )
           Defendant.                   )
17                                      )
                                        )
18

19                              **I.  BACKGROUND**

20         Defendant Eutimio Reyna Ceron is charged in an indictment with violations of 21 U.S.C. § 846

21 (conspiracy to distribute and possess with intent to distribute heroin and methamphetamine) and 21

22 U.S.C. § 841 (possession with intent to distribute heroin and 50 grams or more of methamphetamine).

23 The government moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a

24 hearing as permitted by 18 U.S.C. § 3142(f).  Pre-Trial Services prepared a bail study.  The parties

25 appeared on December 15, 2015, December 17, 2015 and December 21, 2015 for a bail hearing.

26 Defendant was present on each occasion, represented by the Federal Public Defender.  At the December

27 21, 2015 hearing, the Defendant waived his right to seek release.  After that hearing, the Defendant

28 retained counsel.  On January 27, 2016, the Defendant re-asserted his right to seek release and the

DETENTION ORDER
CR 15-579 EMC

parties appeared before the Court for a hearing. For the reasons stated below, the Court orders that Defendant be detained.

## II.  LEGAL ANALYSIS

The Bail Reform Act, 18 U.S.C. § 3142(f), requires that the government prove by a preponderance of the evidence that there are no conditions that reasonably will assure the Defendant's appearance as required, and that the government prove by clear and convincing evidence that there are no conditions which reasonably will assure the safety of the community.  In cases such as this, where there is probable cause to believe that the Defendant committed a violation of the Controlled Substances Act and faces a maximum of 10 years or more in prison, there is a rebuttable presumption that no condition or combination of conditions reasonably will assure the Defendant's appearance as required and the safety of the community.  18 U.S.C. § 3142(e)(3)(A).  The presumption of detention shifts the burden of production to the defendant; the ultimate burden of persuasion remains with the government.  See United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008).  The presumption retains evidentiary weight, id., and the defendant must show "some credible evidence" to rebut it, United States v. Chen, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992).  Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." Chen, 820 F. Supp. at 1208 (citing United States v. Motamedi, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

In evaluating whether pretrial release is appropriate, the Court considers (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release.  18 U.S.C. § 3142(g); Motamedi, 767 F.2d at 1407.  Bail hearings generally proceed by proffer, and the rules of evidence do not apply.  18 U.S.C. § 3142(f).

In this case, the government proffered that the Defendant ran a heroin and methamphetamine distribution business in and around Santa Rosa, California.  The government proffered that the

DETENTION ORDER
CR 15-579 EMC                                                   2

Defendant distributed approximately 1 kilogram of heroin per week, as well as methamphetamine, that he had multiple persons who worked for him delivering drugs, and that he had continued to distribute drugs even after becoming aware that law enforcement were investigating him.  The government also proffered that the Defendant was intercepted on four federal wiretaps and that those wiretaps revealed the following:  Defendant spent all day, every day, dispatching couriers to deliver drugs to customers; Defendant wired large sums of money to Mexico using aliases and fake names and breaking the wires down into small amounts to avoid identification and reporting requirements; Defendant maintained multiple bank accounts in other persons' names in Mexico and those bank accounts contained a significant amount of money; Defendant maintained property in Mexico; Defendant had connections to "coyotes" who smuggle people across the U.S.-Mexico border; and, Defendant used at least two different names.  Further, the government proffered evidence indicating that Defendant's proposed sureties either were not suitable because they were implicated in his wrongdoing, or were not able to exert sufficient moral suasion over him to ensure he would appear as directed if released on bail.  The Court also understands that, if convicted of conspiracy to distribute heroin and methamphetamine, Defendant faces a minimum of 10 years in prison.  And the Court understands that the Defendant is subject to an immigration hold and appears to be subject to deportation following any period of incarceration.  The government also proffered that the Defendant did not appear to own any property here.  Pre-Trial Services recommended detention on the ground that the Defendant did not appear to have strong ties to the community and did not have any viable sureties.

### III. CONCLUSION

In light of the Defendant's history, the nature and circumstance of the instant offense and the weight of the evidence, the Court finds that the Defendant has not rebutted the presumption that he presents a danger to the community and/or poses a risk of non-appearance, and that there are no conditions or combinations of conditions which reasonably would assure the Defendant's appearance or the safety of the community if the Court released the Defendant.  These findings are without prejudice to the Defendant's seeking release if he presents new or different information to the Court, including specifically, information about the Defendant's assets in Mexico, his proposed sureties' possible involvement in the alleged crimes, whether one of his brothers is in the United States legally and, if not,

1  what effect that has on his suitability as a surety, and finally, where the Defendant would live if he were
2  released.  For the reasons set forth above, Defendant shall remain committed to the custody of the
3  Attorney General for confinement in a corrections facility separate, to the extent practicable, from
4  persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be
5  afforded reasonable opportunity for private consultation with counsel.  On order of a court or the United
6  States, or on request of an attorney for the Government, the person in charge of the corrections facility in
7  which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an
8  appearance in connection with a court proceeding.
9  IT IS SO ORDERED.
10  DATED: February __10__, 2016                    _____
11                                                                              HON. SALLIE KIM
                                                                                     United States Magistrate Judge